IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NELSON HURTADO,**<br><br>Plaintiff,<br><br>vs.<br><br>**SUPERIOR LAWN SPRINKLERS, LLC, and HAROLD J. PEDDIE, individually,**<br><br>Defendants. | **COMPLAINT FOR DAMAGES** |

Plaintiff NELSON HURTADO ("Hurtado" or "Plaintiff"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants SUPERIOR LAWN SPRINKLERS, LLC, ("Defendant" or "Superior") and HAROLD J. PEDDIE, individually, ("Peddie") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1.  Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3.  This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt labor duties for the Defendants in New Jersey and based from Defendants' headquarters located in Plainfield, Union County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

6. At all times pertinent to this Complaint, the Defendant Superior, was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, the Defendant routinely receives sprinkler products, which are subsequently installed for customers, those products having moved through interstate channels imported from other states in the United States and globally.

7. Alternatively, Plaintiff worked in interstate commerce, i.e., using tools and products to perform their jobs, those tools and products having moved through interstate channels so as to produce an end product for Defendants' consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

8. At all times relevant to this Complaint, the Defendant Superior was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

9. Upon information and belief, at all times relevant to this Complaint, the Defendant Superior, employs individuals to perform labor services on behalf of the Defendants.

10. Upon information and belief, at all times relevant to this Complaint, the Defendant Superior's annual gross volume of sales made or business done was not less than $500,000.00.

## PARTIES

11. Plaintiff Hurtado is an adult individual who is a resident of Plainfield, Union County, New Jersey.

12. Plaintiff Hurtado was employed by Defendants full time as a lawn sprinkler laborer performing sprinkler installation, repair, and maintenance duties.

13. Upon information and belief, the Defendants own and/or maintain a sprinkler installation, repair, and maintenance establishment which is headquartered in Plainfield, Union County, New Jersey.

14. Upon information and belief, Defendant Peddie is a New Jersey state resident.

## FACTS

15. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all overtime hours worked in a work week.

16. Plaintiff worked for Defendants from in or about April, 2006, through in or about July 8, 2016.

17. Plaintiff was an hourly employee of Defendants and his hourly rate of pay was most recently $20.00 per hour.

18. Plaintiff worked approximately seven (7) months out of each year, of the approximate 10 years of his employment with Defendants.

19. Plaintiff routinely worked five (5) to six (6) days per week.

20. Plaintiff worked from approximately 6:15 a.m. until anywhere from 5:00 p.m. to 7:00 p.m. on each of these workdays.

21. Plaintiff conservatively estimates working approximately 11 and ½ (11.5) hours per day or sixty nine (69) hours per week.

22. Plaintiff Hurtado was paid $800.00 for forty hours each week, and paid $200.00 for his work on Saturdays. Thus, Plaintiff was paid at his regular rate of pay for fifty (50) hours worked per week. Yet he was not paid at all for an additional estimated nineteen (19) overtime hours worked per week, which should have been paid at a rate of one and one half times his regular rate.

23. Defendants neither paid Plaintiff time and one half of his regular rate of pay for any of his overtime hours worked; nor did Defendants pay Plaintiff for all of his overtime hours worked.

24. Upon information and belief, at all times relevant to this Complaint, individual Defendant Peddie has been an owner, partner, officer and/or manager of the Defendant Superior's, business.

25. Upon information and belief, at all times relevant to this Complaint, individual Defendant Peddie has had power over personnel decisions at the Defendant Superior Lawn's, business.

26. Defendant Peddie was present at the Defendant's headquarters on a on a daily basis, and managed the day-to-day operations, controlled the employees' pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise controlled the terms of their employment.

27. Defendant Peddie directed Plaintiff's work on a daily basis.

28. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

29. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

30. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

31. The records, if any, concerning the number of hours worked by Plaintiff, are in the possession and custody of Defendants.

32. The records, if any, concerning the compensation actually paid to Plaintiff, are in the possession and custody of Defendants.

33. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation to which he was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

34. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

35. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 34 above.

36. Plaintiff is entitled to be paid additional compensation for his overtime hours worked per work period yet not paid and/or paid inaccurately.

37. Defendants knowingly and willfully failed to pay Plaintiff his regular rate of pay for overtime hours worked in a work period.

38. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

39. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

40. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 39 above.

41. Defendants' aforementioned conduct is in violation of the NJWHL.

42. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

43. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff NELSON HURTADO demands judgment, against Defendants SUPERIOR LAWN SPRINKLERS, LLC., and HAROLD PEDDIE, individually, for the payment of compensation for all overtime hours due him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: September 14, 2016                      Respectfully submitted,

   s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
Andrew I. Glenn, Esq.
E-mail:  AGlenn@JaffeGlenn.com
New Jersey Bar No.:  026491992
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*